JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
|---|---|---|---|
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING MOTION TO DISMISS AND REMANDING STATE CLAIMS TO THE SAN BERNARDINO SUPERIOR COURT (In Chambers)

On November 12, 2010, Defendants American Home Mortgage Servicing Inc. ("AHMSI") and Mortgage Electronic Registration Systems, Inc. ("MERS")[1] filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"; docket no. 12). The Court has considered the papers filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for January 24, 2011, is removed from the Court's calendar. For the reasons herein, the Court GRANTS Moving Defendants' Motion, DISMISSES Plaintiffs' federal claim, and REMANDS the state claims to Superior Court of the State of California, County of San Bernardino.[2]

## I.    Background

This case originated with Plaintiffs George and Cristina Sanchez's filing of their original Complaint on July 1, 2010, in California state court. Based on Plaintiffs' default on a mortgage loan, leading to the initiation of foreclosure proceedings, the Complaint alleged five causes of action: (1) declaratory relief; (2) breach of contract, (3) misrepresentation/fraud; (4) quiet title; and (5) unfair business practices. On August 26, 2010, Moving Defendants removed the action to this Court, asserting that the Complaint's first cause of action turned on a construction of federal laws. (Notice of Removal ¶¶ 3–5.) On September 2, 2010, Moving Defendants filed a first motion to dismiss. Plaintiffs failed to oppose that motion (Docket No. 6.) On September 28, 2010, the Court deemed Plaintiffs' failure to oppose as consent to the granting of the motion (*See* Local Rule 7-12), and the Court granted the motion without prejudice.

---

[1] Plaintiffs' First Amended Complaint additionally names American Brokers Conduit as a Defendant. The Court herein refers to AHMSI and MERS as "Moving Defendants" and to all Defendants collectively as "Defendants."

[2] Because the Court dismisses Plaintiffs' federal claim and remands the state claims, the Court does not reach Moving Defendants' alternative grounds for dismissal and declines to rule on the parties' requests for judicial notice, on which this disposition does not rely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
| --- | --- | --- | --- |
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

Plaintiffs filed a First Amended Complaint ("FAC") on October 22, 2010.

Plaintiffs' FAC alleges a new set of claims: (1) rescission under California Civil Code section 1632; (2) misrepresentation and fraud; (3) rescission and restitution of voidable cognovit note; (4) injunction of wrongful foreclosure; (5) quiet title; (6) unfair business practices, a violation of California Business and Professions Code section 17200 *et seq.*; and (7) violation of 18 U.S.C. § 1961 *et seq.*, the Racketeer and Corrupt Organizations Act ("RICO"). Only the last of these is a federal claim; the others are claims that arise under state law.

## II.     Legal Standard

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The court, based on judicial experience and common sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

Dismissal is also warranted where a complaint alleging fraud fails to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Failure to sufficiently allege fraud claims mandates their dismissal. *Id.*

If a complaint is dismissed, leave to amend is liberally granted. Fed. R. Civ. P. 15(a); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, it is proper to deny leave to amend if the amendment would be futile or the complaint has previously been amended. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

## III.     Discussion

### A.     Claim for Violation of RICO

Plaintiffs' seventh cause of action alleges that Defendants "comprise an enterprise" under RICO in that they have associated "to defraud and profiteer from individual borrowers through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents." (FAC ¶ 91.) The

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
|---|---|---|---|
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

FAC further alleges that Defendants violated RICO by "receiv[ing] income derived, directly or indirectly, from a pattern of racketeering activity which was used to acquire an interest in said enterprise in violation of 18 USCA § 1962(a)." (*Id.* at ¶ 92.) In support of their RICO claim, Plaintiffs allege that Defendants' pattern of racketeering activity comprises eight predicate acts. (*Id.* at ¶ 94.) The FAC identifies these "acts" as follows:

(a) Mail fraud—using the mails for sending out materials among themselves and to investors.

(b) Wire fraud—using wires to engage in fraud by communicating with investors.

(c) Conversion—where there isn't proper title to collateral.

(d) Deceit—misrepresentation of issues and facts pertaining to the securitization transaction.

(e) Securities fraud—disclosure issues.

(f) It entails loss of profit opportunity.

(g) It involves the making of false statements and or misleading representations about the value of the collateral.

(h) It entails stripping the originator/issuer of the ability to pay debt claims or judgment claims in bankruptcy court—a state of affairs that may apply where the sponsor is financially distressed and the cash proceeds of the transaction are significantly less than the value of the collateral.

(*Id.*)

"[F]raudulent acts that form the alleged pattern of racketeering activity" must be pleaded with particularity, pursuant to Rule 9(b). *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986). "[T]he pleader must state the time, place, and specific content of the false representations as well as the parties to the misrepresentation." *Id.* at 1401.

Plaintiffs' FAC falls far short of meeting the Rule 9(b) standard. The list of predicate acts is conclusory and devoid of any concrete factual allegations. The allegations of nondisclosure and misrepresentation are similarly conclusory. Indeed, the allegations related to the RICO claim do not meet even the more lenient pleading standard of 12(b)(6). The claim must therefore be dismissed.

Plaintiffs' original Complaint did not include a claim brought specifically under RICO, but the Complaint alleged violations of RICO within its claim under California Business and Professions Code section 17200 *et seq*. The Complaint identified exactly the same eight "predicate acts" of racketeering that are alleged in the FAC. (Compl. ¶ 75.) In the Complaint, these predicate acts were identified as predicate to "securitization"—presumably of mortgage loans. (*Id.*) Now, in the FAC, these same predicate acts are alleged as the basis of the RICO violation identified above. In other words, Plaintiffs have repurposed the same allegations for a new RICO claim, rather than identifying allegations specific to the new claim. It is therefore clear to the Court that Plaintiff cannot state a genuine factual basis for a RICO claim. Because Plaintiffs have already amended their Complaint and further amendment would be futile, the Court dismisses this claim *with prejudice*.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
|---|---|---|---|
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

B.     Wrongful Foreclosure Claim: Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under" federal law. A case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983). Where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 345–46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper.").

Here, Plaintiffs' fourth cause of action, captioned as "For Injunction Against Wrongful Foreclosure Based on Cognovit Note," includes a paragraph asserting that their original lender or its successors in interest engaged in deceptive loan practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, the Federal Reserve's Regulation Z, 12 C.F.R. part 226; and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41 *et seq*. (FAC ¶ 63.) The balance of the fourth cause of action—which spans more than five pages of the FAC—complains of the inclusion of cognovit clauses in the documents signed by Plaintiffs and of Defendants' failure to provide original documents for inspection, asserting that this failure renders Defendants without authority to effect a foreclosure of Plaintiffs' real property. (FAC 11–17.)

The Court concludes that though this claim refers to violations of federal law, resolution of this claim does not "necessarily turn" on construction of federal law. Therefore, the claim arises under state law, and the Court does not have federal question jurisdiction over this claim.[3]

---

[3] The Court further observes that, even if Plaintiffs had stated claims for violations of the federal laws identified in the FAC, these claims would not state a claim for relief. Violations of TILA and HOEPA, as well as Regulation Z, are subject to a one-year statute of limitations for damages claims. 15 U.S.C. § 1640(e). The limitations period generally commences at the loan's origination. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Though this limitations period may be equitably tolled under proper circumstances, *id.* at 915, Plaintiff makes no showing that equitable tolling would apply under the circumstances here. For claims for rescission, a three-year statute of limitations applies, 15 U.S.C. § 1635(f), for which equitable tolling is not available. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *King*, 784 F.2d at 914. Because Plaintiffs executed the subject loan in October 2006 (FAC ¶ 18) and did not file suit until July 2010, claims under HOEPA, TILA, and Regulation Z would be barred. Similarly, Plaintiffs cannot state a claim under the FTCA because the FTCA provision that

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
|---|---|---|---|
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

C.    Remaining Claims: Subject Matter Jurisdiction

Federal district courts have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy" pursuant to 28 U.S.C. § 1367(a). *See id.* However, a district court may decline to exercise supplemental jurisdiction over state-law claims under various circumstances, including if the state-law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Here, other than the RICO claim, Plaintiff's remaining claims are based on state law, and no federal question jurisdiction exists.[4] The Court therefore has only supplemental jurisdiction over these claims. However, because the Court has determined that it must dismiss Plaintiff's federal RICO claim and because it finds that the FAC's six state-law claims predominate over its single federal claim, the Court must decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### IV.    Conclusion

The Court GRANTS Moving Defendants' Motion as to Plaintiffs' seventh claim, for violations of RICO, and DISMISSES that claim with prejudice. (Docket no. 12). Because the Court declines supplemental jurisdiction over the remaining state law claims, the Court hereby REMANDS the remaining claims to the Superior Court of the State of California, County of San Bernardino.
IT IS SO ORDERED.

_____      :      N/A

---

creates violations of the statute allows only the Federal Trade Commission to remedy such violations; no private right of action exists. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).

   [4] The Court also does not have jurisdiction over these claims based on diversity. *See* 28 U.S.C. § 1332; *Exxon Mobil*, 545 U.S. at 552. A party asserting jurisdiction must "allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Though the FAC alleges that jurisdiction exists pursuant to § 1332 (FAC ¶ 9), it does not provide facts showing jurisdiction here. Defendant American Brokers Conduit is a limited liability company. (FAC ¶ 12.) For diversity purposes, a limited liability company is a citizen of all states in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). By their failure to identify the citizenship of American Brokers Conduit's members, Plaintiffs have failed to establish that diversity jurisdiction exists here.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01291-JHN -FMOX | Date | January 14, 2011 |
|----------|-------------------------|------|------------------|
| Title | George Sanchez et al v. American Brokers Conduit et al | | |

Initials of Preparer      AM